**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:23-CV-80383-ROSENBERG/REINHART**

LAZARO ALFREDO RAMIREZ
ALVARDO,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

_____/

## ORDER ADOPTING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION

        This matter is before the Court upon Plaintiff's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, DE 1, which was referred to the Magistrate Judge for a Report and Recommendation, DE 4.  On October 24, 2023, the Magistrate Judge issued a Report and Recommendation recommending that the Motion be denied. DE 8.  The Court has conducted a *de novo* review of the Report and Recommendation, the Plaintiff's objections, the Government's response, and the record and is otherwise fully advised in the premises.

        On December 6, 2021, the Plaintiff entered a guilty plea to Count Four of the Indictment, which charged him with Distribution of a Controlled Substance and Count Five, which charged him with Possession of Firearm in Furtherance of Drug Trafficking. DE 8 at 1.  The Plaintiff's Motion seeks to vacate his sentence based on purported issues related to his guilty plea.  The Magistrate Judge organized the reasons into the following four grounds: first, that there was insufficient evidence to support a conviction as to Count Five; second, that Plaintiff's counsel at sentencing was constitutionally ineffective for recommending that the Plaintiff plead guilty to

Count Five; third, that Plaintiff's counsel at sentencing was constitutionally ineffective for recommending a guilty plea when the indictment was inadequate and the Plaintiff had viable defense; and fourth, that Plaintiff's counsel at sentencing was constitutionally ineffective for not ensuring the Court complied with Rule 11's requirements that the Defendant understood the nature of the charges. DE 8 at 10–14.

Upon review, the Court finds the Magistrate Judge's recommendations to be well reasoned and correct. The Court adopts the Magistrate Judge's recommendations as to all four grounds raised in the Plaintiff's Motion and as to the Certificate of Appealability, adopting in full the reasoning in Grounds Two and Three and the Certificate of Appealability. Because of new arguments raised in the Plaintiff's objections, the Court writes to address two of the Plaintiff's objections as to Grounds One and Four, supplementing the Magistrate Judge's reasoning yet and reaching the same conclusions as the Magistrate Judge.

The Court begins with Ground One, in which the Plaintiff argued that there was insufficient evidence to support a conviction for Possession of a Firearm in Furtherance of a Drug Trafficking Offense. DE 4 at 10. The Magistrate Judge concluded that this argument was waived the Plaintiff who, in his plea colloquy, stated that he understood he waived defenses to "Count Four." *Id.* The Magistrate Judge also concluded this argument was procedurally default since it was not raised on direct appeal. *Id.*

The Plaintiff raised three objections to the Magistrate Judge's conclusions as to Ground One, arguing that because the count at issue was Count Five and not Count Four, the argument was not waived, the actual innocence exception to the procedural default rule applies, and the evidence in the factual proffer insufficiently supports Count Five. DE 9 at 3. These objections lack merit. The Magistrate Judge's conclusion as to Count Four was a typographical error; the

transcript from the Plaintiff's plea colloquy explicitly waives any defenses to Count Five as well. *See* DE 6-1 at 21.  Further, the actual innocence exception does not apply here because the Plaintiff, in relying on the factual proffer to advance this argument, has not presented new evidence. *See House v. Bell*, 547 U.S. 518, 536–37 (2006) ("[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' 513 U.S., at 327, 115 S.Ct. 851.")  Finally, the Magistrate Judge's analysis about the sufficiency of evidence underlying Count Five, addressed in response to Ground Two, disposes of this objection. *See* DE 8 at 11.  The Magistrate Judge's conclusion as to Ground One is correct.

In Ground Four, the Plaintiff raised an ineffective assistance of counsel claim because his attorney at sentencing failed to ensure the Court complied with Rule 11's requirements that the Defendant understood the nature of the charges and that there was a factual basis for the plea. DE 8 at 13–14.  The Magistrate Judge again concluded that the procedural default rule waived this argument. *Id.* at 13.  Then, on the merits, the Magistrate Judge found that the Court followed proper procedure; to the extent that Ground Four restates that Count Five was unsupported by the evidence, the Magistrate Judge rejected that argument, citing the relevant sufficiency analysis in the Ground Two discussion. *Id.* at 14.  The Plaintiff objected, again raising the actual innocence exception to the procedural default rule. DE 9 at 11.  For the same reason as above, the Court also finds the actual innocence exception inapplicable here.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation, DE 8, is hereby **ADOPTED IN PART**;

2. The Plaintiff's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, DE 1, is **DENIED**;

3.  No certificate of appealability shall issue; and

4.  The Clerk of the Court is directed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 4th day of December, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record